UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROD MICHAEL STEDMAN,

        Petitioner,        Case No. 1:15-cv-1012

v.        Honorable Gordon J. Quist

CARMEN PALMER,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

### Factual Allegations

Petitioner is incarcerated in the Michigan Reformatory. He pleaded guilty in the Kalamazoo County Circuit Court to operating and maintaining a lab involving methamphetamine, MICH. COMP. LAWS § 333.7401c(2)(f), and possession of a firearm during the commission of a

felony, MICH. COMP. LAWS § 750.227b.  He also admitted to being a fourth habitual offender.  With regard to the factual basis, the following exchange took place between Petitioner and the Court:

> THE COURT:     Let me ask you, were you in the City of Kalamazoo, Michigan, on or about October 5, 2013?
>
> MR. STEDMAN:   Yes, I was.
>
> THE COURT:     And at that time did you own or possess a certain building, structure, or place, that you knew or had reason to know was going to be used to manufacture methamphetamine?
>
> MR. STEDMAN:   Yes, I did.
>
> THE COURT:     *And at the same date, time, and place there was a shotgun present when that felony was being committed, is that true?*
>
> MR. STEDMAN:   *Yes, yes it was.*

(Plea Tr. 7-8, ECF No. 3, PageID ##60-61) (emphasis added).  In exchange for the plea, the prosecutor dismissed one count of possession of marijuana charged in the same case and dismissed two other criminal cases.  (Plea Tr. 4, PageID #57.)  The prosecutor also agreed not to charge Petitioner with escape for "walking away from a KPEP situation." (*Id.*)  In addition, there was a "*Cobbs*" agreement to sentence Petitioner at the low end of the guideline range. (*Id.*)  On February 18, 2014, the trial court sentenced Petitioner as a fourth habitual offender to a prison term of 78 months to 30 years for the methamphetamine lab conviction, to be served consecutively to a mandatory 2-year term for the felony-firearm conviction.

Petitioner filed a motion to withdraw his plea on the ground that the factual basis for the felony-firearm conviction was insufficient.  Following a hearing on Petitioner's motion, the trial court denied the motion.  In light of Petitioner's response to the court's question regarding the shotgun, the court concluded that Petitioner admitted to the felony-firearm charge and that there was a sufficient factual basis to support the plea.  Petitioner filed a delayed application for leave to

appeal in the Michigan Court of Appeals raising the same issue presented in his motion to withdraw the plea. On December 23, 2014, the Michigan Court of Appeals denied Petitioner's application for lack of merit in the grounds presented. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court in which he raised the same claim presented in the court of appeals, as well as two additional claims. The Michigan Supreme Court denied Petitioner's application on May 28, 2015, because the court was not persuaded that the question presented warranted review.

Petitioner now brings the following ground for habeas corpus relief:

> Defendant is entitled to withdraw felony firearm guilty plea as the factual basis for that count is insufficient, violating his constitutional right to due process and to a jury or factfinding hearing. Amendments 6 & 14.

(Pet., ECF No. 1, PageID #5.)

## Standard of Review

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376. (quoting *Harrington v. Richter*, 562 U.S. 83, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted). The court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular . . . case." *Williams*, 529 U.S. at 407. A federal habeas court may not find

-4-

a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White*, 134 S. Ct. at 1706-07 (quoting *Harrington*, 562 U.S. at 103).

## Discussion

Petitioner contends that he is entitled to withdraw his plea on the felony-firearm charge because the factual basis for the plea was insufficient, violating his constitutional rights to due process and a jury or fact finding hearing.[1]

A state defendant has no constitutionally guaranteed right to withdraw a guilty plea. *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989). The only constitutional challenge that a habeas court may entertain with regard to a plea of guilty is that the plea was not entered in a knowing and voluntary fashion under the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969). A habeas court is restricted to these federal principles, and may not grant habeas relief on the basis of

---

[1] Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See Picard v. Connor*, 404 U.S. 270, 275-77 (1971) *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). In this case, Petitioner presented his claim in the state courts as an issue of state law. While Petitioner made one reference to the Due Process Clause in the body of his brief in the Michigan Court of Appeals, it is unclear whether that would be sufficient to "federalize" his claim for purposes of federal habeas corpus review. Regardless, a habeas petition may be denied on the merits notwithstanding the lack of exhaustion. 28 U.S.C. § 2254(b)(2).

state law governing the taking or withdrawal of guilty pleas. *Riggins v. McMackin*, 935 F.2d 790, 794-95 (6th Cir. 1991). Consequently, the question whether petitioner should have been allowed in the court's discretion to withdraw his guilty plea under state-court rules is not reviewable in habeas corpus.

Furthermore, the requirement that the court establish a factual basis for a guilty plea is a creature of rule, not the federal Constitution. The Sixth Circuit has explicitly held that there is no constitutional requirement that a trial judge inquire into the factual basis of a plea. *See Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975). "The requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning*, 69 F.3d 107 (6th Cir. 1995). Therefore, to the extent Petitioner claims an insufficient factual basis for the plea, that claim is not cognizable in federal habeas. On habeas review, a federal court is not permitted to review whether a plea colloquy conformed with the strictures of state rules, but only whether it comported with the requirements of constitutional due process. *Ramos v. Rogers*, 170 F.3d 560, 563 n. 2 (6th Cir. 1999). The fundamental constitutional consideration when a petitioner challenges his plea is whether it was voluntary.

The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A plea cannot be voluntarily and intelligently made where a defendant does not receive "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). "Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary." *Henderson v. Morgan*, 426 U.S. 637,

-6-

645 (1976). And where a defendant pleads guilty to a crime and he is not informed of the elements of that crime, the standard for a "voluntary, knowing, and intelligent" plea is not met and the plea is invalid. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). With regard to the elements of the offense, the Supreme Court further stated:

> While the court taking a defendant's plea is responsible for ensuring "a record adequate for any review that may be later sought," *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed.2d 274 (1969) (footnote omitted), we have never held that the judge must himself explain the elements of each charge to the defendant on the record. Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel. *Cf. Henderson, supra*, at 647, 96 S. Ct. 2253 (granting relief to a defendant unaware of the elements of his crime, but distinguishing that case from others where "the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused"). Where a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty.

*Bradshaw*, 545 U.S. at 183. Even without such an express representation by counsel, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. *Henderson*, 426 U.S. at 647.

Here, the trial court identified on the record the charges for which Petitioner was pleading guilty. (Plea Tr. 6, PageID #59.) After taking the factual basis for the plea, the court asked counsel, "have we covered the elements?" (Plea Tr. 9, PageID #62.) Both defense counsel and the prosecutor answered in the affirmative. (*Id.*) While the plea record does not include a specific discussion regarding the elements of felony-firearm, this Court will presume that trial counsel informed Petitioner of the nature of the felony-firearm charge before the plea proceedings. *See Henderson*, 426 U.S. at 647; *Williams v. Wolfenbarger*, 513 F. App'x 466, 469-70 (6th Cir.), *cert. denied*, 133 S. Ct. 2866 (2013) ("[E]ven absent a clear showing on the record, we presume that

counsel did in fact explain the nature of the offense to the defendant."). Even if this presumption is incorrect, the record shows that Petitioner admitted facts establishing each element of the offense.

The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony. *People v. Avant*, 597 N.W.2d 864, 869 (Mich. Ct. App. 1999). Actual or constructive possession of a firearm is sufficient to support a felony-firearm conviction. *People v. Burgenmeyer*, 606 N.W.2d 645, 648 (Mich. 2000). Possession of a firearm can be joint or exclusive and actual or constructive, and constructive possession is shown when a person has proximity to the firearm together with an indicia of control, or, stated otherwise, when the person knows of the firearm's location and the weapon is reasonably accessible to him or her. *People v. Johnson*, 808 N.W.2d 815, 818 (Mich. Ct. App. 2011). In *Burgenmeyer*, the Michigan Supreme Court further explained that "it is irrelevant whether defendant possessed a firearm at the time of arrest or at the time of a police raid. All that is required [under the felony-firearm statute] is that the defendant possessed a firearm at the time he committed a felony." 606 N.W.2d at 649. *Burgenmeyer* also distinguished between offenses that could be completed quickly, such as delivery of a controlled substance, and offenses occurring over an extended period of time, noting that with crimes that were ongoing, the issue would be whether defendant possessed a firearm during the timeframe when the underlying and ongoing felony took place. *Id*.

As set forth above, Petitioner unequivocally responded in the affirmative when the trial court asked him during the plea hearing, "And at the same date, time, and place there was a shotgun present when that felony was being committed, is that true?" (Plea Tr. 7-8, PageID ##60-61.) A finder of fact could reasonably conclude from Petitioner's admission that he knew the shotgun was located within the building where he was maintaining a meth lab and that it was reasonably accessible to him during the timeframe when the underlying and ongoing felony took

place. Accordingly, the plea was knowingly and voluntarily made. To the extent Petitioner asserts a violation of his Sixth Amendment rights, he expressly waived his trial rights at the plea hearing. (Plea Tr. 7, PageID #60.) Moreover, Petitioner waived his ability to assert a claim of insufficient evidence by entering a voluntary plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  November 19, 2015                        /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE